# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARWIN STRONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:11-cv-01644-TWP-DML |
| | ) | |
| DELAWARE COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY ON MOTION FOR BILL OF COSTS

This matter is before the Court on Defendant Delaware County's Motion for Bill of Costs filed pursuant to Federal Rule of Civil Procedure 54(d)(1), seeking costs in the amount of $4,006.81 (Dkt. 53). The Court previously granted Delaware County's Motion for Summary Judgment and entered judgment in its favor (Dkts. 51 and 52). Plaintiff Marwin Strong ("Mr. Strong") filed a response in objection to Delaware County's motion (Dkt. 59). Thereafter, the Court stayed ruling on Defendant's Bill of Costs pending Mr. Strong's appeal to the Seventh Circuit Court of Appeals (Dkt. 63). Mandate of the United State Court of Appeals was issued on March 11, 2014, therefore, the stay is lifted and ruling on the motion is appropriate.

Mr. Strong argues that the costs should not be awarded on the basis that they are excessive, and that he is indigent and unable to pay the costs sought. Specifically, Mr. Strong contends that the cost associated with depositions, imaging and copying are excessive because they exceed the rate for depositions established by the Judicial Conference of the United States, and because only 176 pages of the 323 page deposition transcript were utilized in the motion for summary judgment. First, Mr. Strong cites to *Brown v. Compass Group* in support of his argument that the costs impermissibly exceeded the rates set by the Judicial Conference. No. 11

C 76789 (U.S. Dist. Ct., N.D. Ill, E.D. 2013). However, that case is from the Northern District of Illinois, and that district's local rules contain such a limitation, while Local Rule 54-1 in the Southern District of Indiana does not. Second, the use of deposition testimony in a summary judgment motion is not a prerequisite to find that it was necessary to take that deposition. *See Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998) ("[P]laintiff's argument that the depositions were used sparingly in defendant's summary judgment motion and therefore were not necessarily obtained for use in this case is . . . without merit."). The proper inquiry is whether the deposition was "reasonably necessary" to the case at the time it was taken, not the extent to which it was used in a summary judgment motion or at trial. *Id.* Therefore, because Mr. Strong has not shown that the depositions were not otherwise unnecessary, the Court finds that these costs were not excessive or unreasonable.

Mr. Strong also argues that Delaware County's motion should be denied because he is indigent and unable to pay the costs now or in the future. Rule 54(d)(1) provides in pertinent part, "[e]xcept when express provision therefore is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). The rule provides a presumption that the losing party will pay costs, but grants the court discretion to direct otherwise. *Rivera v. City of Chi.*, 469 F.3d 631, 634 (7th Cir. 2006). A court may properly consider a litigant's indigence in determining whether to assign costs to the losing party. *Id.* "However, indigence does not automatically excuse the losing party from paying the prevailing party's costs[,]" and the indigence exception "is a narrow one." *Id.* at 635-36.

The threshold factual finding that this Court must make is whether Mr. Strong is incapable of paying the costs at this time or in the future, and the burden is on Mr. Strong to

provide sufficient documentation to support such a finding. To support his claim, Mr. Strong submitted an affidavit showing his assets, stating that his income was approximately $12,000.00 for 2012, and that he has four children for whom he is obligated to provide support and states that he has no current prospects for greater earnings. Dkt. 59-3 at 1. Mr. Strong also included an itemized list of his personal expenses. *Id.* at 4. Additionally, the Court notes that Mr. Strong was allowed to proceed in forma pauperis in his appeal. (Dkt. 62). While the submitted documentation provides information about Mr. Strong's current ability to pay the costs, he does not provide any information regarding his ability to pay in the future. Evidence was presented during summary judgment that Mr. Strong obtained associate's and bachelor's degrees in 2009 and 2011, respectively, and Mr. Strong also indicates that he has been able to obtain intermittent student teaching assignments, implying that he is pursuing an additional degree. Dkts. 31 at 3; 59-3 at 1. Mr. Strong may not have the current ability to pay, but he has not shown that his circumstances will render him unable to pay in the future. *Cf. Cross v. Roadway Express*, No. 93 C 2584, 1994 WL 592168 (N.D. Ill. Oct. 26, 1994) (losing litigant's chronic medical condition rendered it impossible for him to pursue his former occupation). Because Mr. Strong has not met his burden of showing that he has a future inability to pay, the Court cannot conclude that he is indigent as intended under Seventh Circuit precedent.

The Court concludes that Mr. Strong has not met his burden of showing that the amounts requested by Delaware County are unreasonable, or that indigence renders him unable to pay court-imposed costs sometime in the future. Therefore, Delaware County's Motion for Bill of Costs in the amount of $4,006.81 (Dkt. 53) is **GRANTED**.

**SO ORDERED.**

Date: 05/09/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

James D. Masur, II
ROBERT W. YORK & ASSOCIATES
jmasur@york-law.com

Rosemary L. Borek
STEPHENSON MOROW & SEMLER
rborek@stephlaw.com